FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 8 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
11-CV-4273 (ARR)

SERGEI CHEPILKO,

        Plaintiff,

-against-

CENTRAL AMUSEMENT INTERNATIONAL,
LLC (CAI),

        Defendant.
----------------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER

ROSS, United States District Judge.

Plaintiff Sergei Chepilko brings this *pro se* complaint pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, plaintiff's complaint is dismissed in its entirety.

## Background

Plaintiff alleges that on August 7, 2010, he was "advertising instant photography at the curb" of Surf Avenue and West 10th/Jones Walk in Brooklyn, New York, when managers and security officers from Luna Park, an amusement park, which is operated by defendant, harassed him. Complaint, Facts ¶¶ 6-7. Plaintiff further alleges that the Luna Park staff contacted the police who confirmed that plaintiff's presence on the street was lawful. Id. at 7. On September 5, 2010, plaintiff alleges that he was present at the aforementioned location when managers of Luna Park "again harassed plaintiff, took multiple photos of plaintiff; and when plaintiff in response took photo of that manager, security officer jumped plaintiff, smashed plaintiff's camera, hitting plaintiff's forehead, and damaging plaintiffs's expensive camera." Id. at 8. Plaintiff seeks monetary damages.

1

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, --- U.S.---, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

### 42 U.S.C. § 1983

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived

2

[the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendant is "fairly attributable to the State." American Manufacturers Mutual Insurance Co., 526 U.S. at 50. Here, defendant Central Amusement International, LLC., is a private corporation whose conduct cannot be fairly attributed to the state. Accordingly, plaintiff's § 1983 claim is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

## 42 U.S.C. § 1988

Plaintiff also brings this suit pursuant to 42 U.S.C. § 1988. However, this section provides no independent cause of action. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil right cases in conformity with federal law where appropriate, or with state law. 42 U.S.C. § 1988(a). Sections (b) and (c), respectively, provide for a prevailing party to seek reasonable attorney fees in certain cases and for reimbursement of any fees paid to

an expert as part of the attorney fees. 42 U.S.C. § 1988(b), (c); Moor v. Alameda County, 411 U.S. 693, 705 (1973) ("[Section 1988] was obviously intended to do nothing more than to explain the source of law to be applied in actions brought to enforce the substantive provisions of the [the 1966 Civil Rights Act]."). If plaintiff intends to seek " reasonable attorney's fee as part of the costs" of this action pursuant to § 1988(b), or "expert fees as part of the attorney's fee" under § 1988(c), these claims fail, as a *pro se* litigant is not entitled to attorney's fees under § 1988. Kay v. Ehrler, 499 U.S. 432, 435 (1991). Accordingly, plaintiff's claims under § 1988 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Plaintiff's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

ALLYNE R. ROSS
United States District Judge

Dated: September 8, 2011
Brooklyn, New York